RIVERA *v.* BRIGNONI ET AL.

APPEAL from the District Court of Humacao.

No. 600.—Decided December 22, 1911.

APPEAL—ERRORS ASSIGNED BY APPELLANT—APPELLEE.—It is a well-established rule that courts of appeal will examine only the errors pointed out by the appellant and that errors alleged by the appellee to have been committed by the lower court will not be taken into consideration.

USURIOUS INTEREST—EVIDENCE.—In the case at bar it was held on appeal that the judgment ordering the defendant to return the $2,000 which had been paid by the plaintiff as interest and on account of a promissory note for a larger amount than he owed the defendant should be reversed inasmuch as the evidence which was introduced at the trial did not show that said sum was in payment to the defendant of an equal amount of usurious interest.

ID.—SUCCESSION—MORTGAGE CREDIT.—It was also held that in view of the fact that the aforesaid sum of $2,000 had been received by the Succession of Gregorio Brignoni, to which the spouses Práxedes Brignoni and Gregoria Mercado do not belong, and that it was not shown that they had any participation therein, the aforesaid defendants cannot be adjudged to return said amount.

·The facts are stated in the opinion.

*Messrs. Vías Ochoteco* and *Ferrer* and *Muñoz* and *Brown* for appellants.

*Messrs. Hord* and *Scoville* and *Manuel F. Rossy* for appellees.

MR. CHIEF JUSTICE HERNÁNDEZ delivered the opinion of the court.

This suit treats of the nullity of a mortgage credit because of usurious interest thereon, and also of the return of $2,000 paid as interest on said credit. The action was brought against the Succession of Gregorio Brignoni Mercado who was the creditor. Said Succession is composed of his children, Enrique, Francisca, Epifanio, José and Eduardo Huertas, and Francisco Feltió, the acknowledged natural children of said Gregorio Brignoni Mercado, and against Práxedes Brignoni and Demetria Mercado, his parents, as parties interested in said credit.

According to a public deed of April 20, 1905, the plaintiff, Sixto A. Rivera, received as a loan from Gregorio Brignoni y Mercado the sum of $13,000, payable in four years and therefore due on April 20, 1909, with interest at the rate of 12 per cent per annum, payable quarterly in advance, and to secure said obligation he, with the consent of his wife, created a mortgage upon two properties belonging to him, which are described in said deed.

The plaintiff alleges that notwithstanding the fact that it was stated in the deed that the loan would bear interest at the rate of 12 per cent per annum, he was required to pay interest on the $13,000 not at the aforesaid rate, but at the rate of 1¼ per cent per month, or in other words, at the rate of 15 per cent per annum; that he paid approximately $2,000 on account of said illegal interest; that for the interest due and unpaid Brignoni required him to sign various promissory notes, one for $1,865.32, another for $3,000, and another for $4,000; that the mortgage and the promissory notes which are

in possession of the Succession of Gregorio Brignoni Mercado having become due said succession demands payment of the debt and of the illegal interest, which according to said succession amounts to $29,760.85 after deducting the $2,000 already paid; and that the contract of loan with illegal interest having been made in 1905 the same is void.

The defendants denied the allegations of the complaint and the trial of the case having been held the court rendered a judgment which, copied literally, reads as follows:

"On February 16, 1910, which was the day set for the hearing of this case, it was called for trial and the parties appeared through their counsel, Henry F. Hord and Vías & Ferrer, respectively. The court, after hearing the evidence and the arguments of counsel, reserved judgment. To-day, May 31, 1910, it is decided by the court in accordance with the attached opinion that although the facts are in favor of the plaintiff the law is against him so far as the nullity of the mortgage contract of April 20, 1905, is concerned, and in his favor as to the claim of $2,000, as the latter is usurious interest.

"In consequence of the foregoing, the complaint is dismissed as to the said contract and sustained as regards the return of the aforesaid sum; and it is ordered that the defendants, Práxedes Brignoni, his wife, the minors Huertas y Brignoni and the minor Feltió y Brignoni, shall return to the plaintiff, Sixto Antonio Rivera, the sum of $2,000 and the costs and attorneys' fees are taxed against said defendants. Rendered in open court at Humacao on the 31st day of May, 1910. (Signed) Jorge V. Domínguez, Judge of District Court. Attest: Jesús L. Pereyó, Secretary.

From that part of said judgment which relates to "the declaration of the existence of usurious interest and to the payment or return of the $2,000, which were considered as paid on account of such interest, and to the payment of fees to the attorney of the adverse party," counsel for the defenants took an appeal to this court.

Counsel for the appellant alleges the following as grounds for the appeal:

First. That the agreement and the payment of usurious interest have not been proved.

Second. That Práxedes Brignoni and his wife as mere creditors of Gregorio Brignoni are not bound to return the $2,000 which the Succession of Gregorio Brignoni, and not they, received.

Third. That no malice or temerity existed in view of which costs and attorney's fees should be taxed against the party defendant.

We must state first that the plaintiff did not appeal from the final judgment in the suit, and, therefore, that portion of the judgment by which the complaint was dismissed so far as regarded the nullity of the mortgage contract of April 20, 1905, cannot be reviewed in this appeal.

That judgment is final and both parties plaintiff and defendant must submit thereto. The allegations of the appellee tending to show that if the mortgage contract was usurious and null at the time of its execution it cannot have been cured of said defect by the Act of March 14, 1907, to amend section 4 of an act to fix legal rate of interest on all obligations, approved March 1, 1902, are useless.

We have already stated on November 12, 1910, in deciding the case of *Carmen Puig and Monserrate Orrach* v. *Succession of Jacinto Polanco,* that:

"It is a well-established rule that courts of appeal will examine only the errors pointed out by the appellant (*Jackson* v. *F. R. W. Co.*, 14 Cal., 22); and that the errors alleged by the respondent to have been committed by the lower court will not be taken into consideration (*Poppe* v. *Athearn,* 42 Cal., 606)." (*Puig et al.* v. *Succession of Polanco,* 16 P. R. R., 708.)

In regard to the first ground of the appeal, we find that it was shown at the trial by the testimony of the plaintiff himself, Sixto Antonio Rivera, and by that of Gustavo Mourraille, Eugenio O'Neill, Eulogio Cruz, and Emilio García, that the interest on the credit stated in the mortgage deed of April 20, 1905, was not really at the rate of 12 per cent, but 15 per

cent per annum, as was held by the judge in the opinion which serves as a basis for the judgment appealed from.

It has not been shown to us why three promissory notes, one for $1,865.32, another for $3,000, and another for $4,000, were executed to secure the payment of the interest on $13,000 at the rate of 15 per cent per annum for four years. Said three sums amount to $8,865.32, and the interest on $13,000 at the aforesaid rate in four years can amount to only $7,800.

The promissory notes executed by Sixto A. Rivera in favor of Gregorio Brignoni to secure the total or partial payment of the interest agreed upon were not presented at the trial; and in regard to said documents, Rivera testified that the loan of $13,000 provided for in the deed of April 20, 1905, was agreed to with interest at the rate of 1¼ per cent per month, but inasmuch as it could not be so stated in the deed it was agreed that, besides the mortgage, promissory notes should be drawn to cover interest at the rate of ¼ per cent per month, or 3 per cent per annum, and that as he formerly owed an amount to Brignoni the same was included in the promissory notes when the mortgage was executed.

According to that testimony, the usurious interest on Rivera's debt to Brignoni and other sums which Rivera already owed to Brignoni were included in the promissory notes in question.

Let us now examine the account that Oliver Shaw, son-in-law of Práxedes Brignoni, rendered to Sixto Antonio Rivera, which account was introduced by the plaintiff and which, copied literally, reads as follows:

| | |
|---|---|
| Deed in the form of a mortgage_____ | $13,000.00 |
| Interest for four years calculated simply at the rate of 12%_____ | 6,240.00 |
| A promissory note for $3,865.32, of which $2,000 was paid last year, balance_____ | 1,865.32 |
| Interest at the rate of 10% per annum___ | 186.53 |
| A promissory note for_____ | 3,000.00 |

| | |
|---|---:|
| Interest at the rate of 10% for the first year_____ | 300.00 |
| Added to the principal for nonpayment and interest thereon_____ | 330.00 |
| A promissory note for_____ | 4,000.00 |
| Interest at 10% per annum_____ | 400.00 |
| Added to the principal for nonpayment__ | 440.00 |
| | |
| Total_____ | $29,761.85 |

The credit referred to in the third item of the account transcribed seems to have been stated in another document which was also presented by the plaintiff and which reads as follows:

"I have in my possession and at the disposal of Mr. Sixto Antonio Rivera the amount of $2,000 Am. Cy. Vieques, July 25, 1908. (Signed) Práxedes Brignoni, by Oliver Shaw."

In view of the documents transcribed and of the allegations made in the complaint by Rivera, there is no doubt that the plaintiff paid $2,000 on account of the promissory note for $3,865.32, but as the latter amount does not wholly represent usurious interest and the amount of usurious interest included therein has not been shown, we lack a basis upon which to establish the exact amount that should be paid by the Succession of Brignoni, for we must not forget that the plaintiff avers that the notes were made to guarantee the payment of the ¼ per cent usurious interest which could not be stated in the deed of April 20, 1905, and that such notes included another amount which he owed. There is no evidence to prove that the $2,000 paid by the plaintiff represent the payment of an equal amount of usurious interest to the defendant.

In regard to the second ground of appeal, we are of the opinion that the District Court of Humacao committed an error in adjudging Práxedes Brignoni and Gregorio Mercado, in union with the other defendants, to return the $2,000 to

Sixto Antonio Rivera, because that sum was received by the Succession of Gregorio Brignoni to which they did not belong, and it has not been shown that they had any participation therein notwithstanding the rights which they may have in the mortgage credit whose nullity is sought.

It is useless to discuss the third ground of appeal because we understand that it was alleged for consideration only in case the judgment of the trial court should be affirmed as to the part appealed from.

As may be seen from the foregoing, there was not sufficient evidence to fix and determine the amount of usurious interest paid by the plaintiff to the defendant succession, and without this requisite we cannot render a condemnatory judgment.

For this reason the judgment of the court below should be reversed so far as it has been appealed from, and an order made directing that a new trial be held, each party to pay his own costs.

*Reversed.*

Justices MacLeary, Wolf, del Toro and Aldrey concurred.